**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-10172

(Summary Calendar)

_____

VICTOR L BROWN,

                              Plaintiff-Appellant,

versus

RONALD D DREWRY, Head Warden, French Robertson
Unit; ALL CO III OFFICERS, French Robertson
Unit,

                              Defendants

        and

LARRY O GOBER, CO III Officer; MARK BROWN, CO
III Officer; DAVID GRAVES, CO III Officer

                              Defendants-Appellees.

_____

Appeal from the United States District Court
For the Northern District of Texas
(1:94-CV-47-BA)
November 14, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

        Victor Brown, a state prisoner proceeding *pro se* and *in forma*

---

        [*] Pursuant to Local Rule 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in Local Rule 47.5.4.

*pauperis,* appeals the trial court's denial of two motions for appointed counsel and several evidentiary rulings. We affirm.

I

Victor Brown filed a lawsuit alleging violation of 42 U.S.C. § 1983 by the warden of the French Robertson Unit of the Texas Department of Criminal Justice-Institutional Division ("TDCJ-ID") and by three facility officers. Brown alleged that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they subjected him to an excessive use of force.

Brown asserted that Officers Brown and Graves attacked him while escorting him to recreation. Brown alleged that Officer Graves threw him to the ground while he was handcuffed, punched him about the face and head, and kicked him in the face, head, back, ribs and legs. Brown asserted that Officer Brown also struck him and kicked him in the face. He alleged that Officer Gober then arrived and kicked him in the ribs and back. Brown contended that the beating continued until another officer arrived with a video camera. The officers then escorted Brown to the infirmary where he was examined and treated for cuts and bruises, and then returned him to his cell. While Brown alleged that he did not provoke the attack, he was apparently found guilty of assaulting Officer Graves and lost privileges.

The jury returned a verdict in favor of the defendants and the

-2-

trial court entered final judgment.  Brown appeals.

II

Brown first challenges the trial court's denials of his two motions for appointed counsel.  We review a district court ruling on a request for appointed counsel under the abuse of discretion standard.  *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986).

The trial court is not required to appoint counsel for an indigent plaintiff asserting a claim under § 1983 unless the case presents exceptional circumstances.  *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).  Although no comprehensive definition of exceptional circumstances is practical, a number of factors should be considered in ruling on requests for appointed counsel.  *Id.* at 213.  These include:  (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate the case adequately; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.  *Id.*

Here, in considering Brown's first motion for appointed counsel, the trial court applied the four *Ulmer* factors and found that Brown's case did not present exceptional circumstances requiring appointed counsel.  The court also found that Brown demonstrated the ability to present his case adequately and to

conduct investigation.

In considering Brown's second motion for appointed counsel, the trial court again enumerated the four *Ulmer* factors and concluded that Brown's motion was premature. Consequently, the court denied Brown's second motion "without prejudice to a later application for appointment of counsel." Brown did not file another application.

Brown's pleadings demonstrate that he is literate, and the record demonstrates that he was capable of presenting evidence and argument at trial. In addition, Brown's action relied solely on factual issues that he could investigate and present to the court on his own. *See Feist v. Jefferson County Comm'r's Ct.*, 778 F.2d 250, 253 (5th Cir. 1985) ("Since this was a straight-forward fact-intensive case, Feist was not required to have any legal skills or training in order to adequately inform the court of his allegations, and we therefore find that the district court did not err in refusing to appoint counsel."). As a result, we find that the trial court did not abuse its discretion in denying Brown's two motions for appointed counsel.

III

Brown also raises several evidentiary issues on appeal. Because he did not raise these issues in the district court, they are barred here unless they involve plain error. *Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1089 (5th Cir. 1988). To prevail

with these new arguments Brown must show:  (1) that an error occurred; (2) that the error was plain, which means clear or obvious; (3) that the plain error affected substantial rights; and (4) that not correcting the error would seriously affect the fairness, integrity or public reputation of judicial proceedings. *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing *United States v. Olano*, 507 U.S. 725, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993)), *cert. denied*, ___ U.S. ___, 115 S. Ct. 1266, 131 L. Ed. 2d 145 (1995); *see also Highlands Ins. Co. v. National Union Fire Ins. Co.*, 27 F.3d 1027, 1032 (5th Cir. 1994) (applying same standard in civil case), *cert. denied*, ___ U.S. ___, 115 S. Ct. 903, 130 L. Ed. 2d 786 (1995).  These requirements augment our long-standing rule that reversal for plain error is "not a run-of-the-mill remedy" and will occur "only in exceptional circumstances to avoid a miscarriage of justice."  *Highlands Ins. Co.*, 27 F.3d at 1032.

Brown first argues that the trial court erred in permitting the trial to proceed after discovering that some of Brown's exhibits had not been received by the court.  At trial, Brown stated that he had mailed various exhibits to the court.  The court responded that it had not received the documents.  The court did not commit plain error in continuing with the trial under these circumstances.

Brown next contends that the defendants failed to disclose to

him that Warden Charles Bell would testify at trial, and that when the court permitted the warden to testify, it deprived him of adequate and meaningful access to the courts. Brown's contention is without merit because the witness list the defendants filed with the court and served upon Brown states that Warden Bell would testify at trial. Thus, the trial court did not commit plain error in permitting Warden Bell to testify.

Brown next argues that the trial court erred in failing to ensure the appearance of Brown's witness James E. Lee. The trial court's pretrial order instructed the parties to submit witness lists to the court. Brown did not; rather, he filed a petition for writ of *habeas corpus ad testificandum* for James Lee. The petition stated that Lee would testify that he observed Officer Gober loitering near the scene of the alleged beating and that he heard "heavy rumbling" and Brown screaming. The trial court apparently never ruled on Brown's petition.

However, Brown has not demonstrated how the trial court's failure to ensure Lee's appearance constitutes an exceptional circumstance requiring reversal to avoid a miscarriage of justice. Lee's prospective testimony is substantially consistent with testimony provided by the defendants. The trial court did not commit plain error in failing to ensure Lee's appearance.

Brown's final argument is that the district court improperly failed to hold a hearing before trial regarding the admission of

Brown's "criminal and disciplinary conviction."  Brown presents no further argument or explanation regarding this issue; his bare allegation cannot support a finding of plain error.

AFFIRMED.